UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| KENG HENG, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | Docket No. 02CV3605 |
| AMERICAN HOME ASSURANCE COMPANY ) | |
| and FEDERAL INSURANCE COMPANY ) | (Judge Yohn) |
| a/k/a CHUBB GROUP OF INSURANCE ) | |
| COMPANIES ) | |
| Defendants. ) | |
| _____/ | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, American Home Assurance Company ("American Home") and Federal Insurance Company ("Federal"), by and through their undersigned counsel, file this Answer and Affirmative Defenses to the Complaint of Plaintiff, Keng Heng, Inc. ("Keng Heng"), and state:

1. Upon information and belief, admitted.

2. Admitted.

3. Admitted only that American Home is a New York corporation and that its principal place of business in New York is 70 Pine Street, New York, New York. The remaining allegations of this paragraph are denied.

4. Admitted for jurisdictional purposes only.

5. Admitted that Balfour Beatty Construction, Inc. ("Balfour Beatty") and Keng Heng entered into a written subcontract agreement on or about November 14, 1996, in connection with the State Route 0030, Section 009 Project, Pennsylvania Department of Transportation Contract No. 087313 in Lancaster County, Pennsylvania. The remaining allegations of this paragraph are denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted only that Defendants issued a payment bond, Bond No. 8123-59-28, 17-20-70 as co-sureties to Balfour Beatty. The remaining allegations of this paragraph are denied.

19. Admitted only that Plaintiff filed suit in the Eastern District of Pennsylvania against Balfour Beatty. The remaining allegations of this paragraph are denied.

20. Denied. Additionally, Defendants deny that Plaintiff is entitled to any of the relief sought in the Wherefore clause of the Complaint.

WHEREFORE, Defendants American Home and Federal respectfully request judgment in their favor and against Plaintiff, along with an award of costs and any other relief this Court deems appropriate.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

A.   Plaintiff's claims are time barred by 42 Pa. C. S. A. § 5523.

**Second Affirmative Defense**

B.   Plaintiff's claims for consequential damages including, but not limited to, allegedly impaired bonding capacity, alleged inability to obtain bonding, allegedly increased tax liability, etc. are not recoverable under the payment bond issued by Defendants American Home and Federal.

**Third Affirmative Defense**

C.   Balfour Beatty has tendered and Keng Heng has accepted payments for certain items of work which constitute an accord and satisfaction of Plaintiff's claims for those items of work, to the extent of the payments made.  Accordingly, Plaintiff's claims must be reduced to the extent of the accord and satisfaction.

**Fourth Affirmative Defense**

D.   Plaintiff's claims for consequential damages including, but not limited to, allegedly impaired bonding capacity, alleged inability to obtain bonding, alleged increase in tax liability, etc. are too speculative and remote to constitute legally awardable damages. In particular, and without limitation, such alleged consequential damages were beyond the reasonable contemplation of the parties at the time the subcontract was executed and beyond the reasonable contemplation of the sureties at the time the payment bond was issued.  Accordingly, Plaintiff's claims for consequential damages are barred.

**Fifth Affirmative Defense**

E.   Plaintiff's claims for consequential damages fail to state a claim for which relief may be granted.

**Sixth Affirmative Defense**

F.   Plaintiff failed to mitigate its alleged damages.

**Seventh Affirmative Defense**

G.   Plaintiff's claims are barred in whole or in part as the damages allegedly suffered were a result of Plaintiff's own acts and/or omissions.

**Eighth Affirmative Defense**

H.   Plaintiff's claims are barred in whole or in part because Plaintiff has been paid in full for work performed, less proper deductions and backcharges.

**Ninth Affirmative Defense**

I.   Plaintiff's claims are barred in whole or in part because some or all of the damages allegedly suffered were caused by the acts and/or omissions of third parties for whom Defendants are not responsible.

**Tenth Affirmative Defense**

J.   Under the terms of the subcontract between Balfour Beatty and Plaintiff, Balfour Beatty is entitled to set off sums that would otherwise be due as a result of any liabilities that resulted from Keng Heng's non-performance and/or defective performance, thereby diminishing potential liability of Defendants American Home and Federal.

**Eleventh Affirmative Defense**

K.   Plaintiff's claims for increased tax liability are barred because they were caused by an intervening act over which Defendants had no control.  Specifically, and without limitation, representatives of Keng Heng made a deliberate decision to fail to pay the corporation's taxes.

**Twelfth Affirmative Defense**

L.   Plaintiff's claims are barred in whole or in part to the extent Plaintiff is seeking compensation for work that it never performed.

**Thirteenth Affirmative Defense**

M.   Plaintiff's claims for payment of certain work on a square yard rather than cubic yard basis are barred as Plaintiff agreed, in writing, to perform such work on a cubic yard basis, Balfour Beatty paid Plaintiff in full for the work, and Plaintiff accepted Balfour Beatty's payment.  Accordingly, an accord and satisfaction occurred and Plaintiff affirmatively waived its right to seek further compensation for this work.

**Fourteenth Affirmative Defense**

N.   To the extent Plaintiff asserts that a written agreement to perform certain work on a square yard rather than cubic yard basis exists, Plaintiff's claim for compensation is barred as any such agreement lacked sufficient consideration.  In particular, and without limitation, Keng Heng had a pre-existing duty to perform the work on a cubic yard basis.

**Fifteenth Affirmative Defense**

O.   To the extent Plaintiff alleges that a written agreement exists for the performance of certain work on a square yard rather than cubic yard basis, such agreement is void and unenforceable as it was procured through a unilateral mistake on the part of Balfour Beatty, combined with undisclosed superior knowledge, fraud and/or inequitable conduct on the part of

Keng Heng.  Alternatively, the agreement should be reformed to reflect compensation on a cubic yard basis.

WHEREFORE, Defendants American Home and Federal respectively request judgment in their favor and against Plaintiff Keng Heng, Inc., along with an award of costs and any other relief this Court deems appropriate.

KEEFER WOOD ALLEN & RAHAL, LLP

Dated:  July 31, 2002             By_____
                                  Charles W. Rubendall II
                                  Attorney ID # 23172
                                  210 Walnut Street
                                  P. O. Box 11963
                                  Harrisburg, PA  17108-1963
                                  Telephone:    (717) 255-8010
                                  Attorneys for Defendants

**CERTIFICATION OF SERVICE**

I certify that a copy hereof has been furnished to Jeffrey D. Servin, Esq., 42 S. 15th Street, Suite 1313, Philadelphia, PA 19102, by facsimile and U.S. Mail on this 31st day of July 2002.

KEEFER WOOD ALLEN & RAHAL, LLP

By_____
Charles W. Rubendall II