**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| KENG HENG, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action |
| | ) | Docket No. 02CV3605 |
| AMERICAN HOME ASSURANCE COMPANY | ) | |
| and FEDERAL INSURANCE COMPANY | ) | (Judge Yohn) |
| a/k/a CHUBB GROUP OF INSURANCE | ) | |
| COMPANIES | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾/ | | |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE

Defendants, American Home Assurance Company ("American Home") and Federal Insurance Company (hereinafter "Federal"), by and through their undersigned attorneys, hereby file this Brief in Support of their Motion To Strike.

### FACTS

Balfour Beatty Construction, Inc. ("Balfour Beatty") was the general contractor on a construction project for the Pennsylvania Department of Transportation in Lancaster, Pennsylvania, and Balfour Beatty subcontracted a portion of the work to Plaintiff. *See* Complaint ¶ 5. Balfour Beatty and Plaintiff entered into a written subcontract agreement for this Project. *See* Complaint ¶ 5, Exhibit "A". Defendants, American Home and Federal, are sureties of Balfour Beatty and issued Bond No. 8123-59-28, 17-20-70. *See* Complaint ¶ 18, Exhibit "F".

Plaintiff initiated this litigation on or about June 5, 2002, with a Complaint seeking amounts for work performed, but allegedly unpaid. Additionally, the Complaint seeks two forms of consequential damages. First, Plaintiff seeks damages for allegedly increased tax liability. *See* Complaint ¶ 17. Apparently, Plaintiff elected not to pay its taxes and various taxing

1

authorities assessed penalties and interest as a result.  Second, Plaintiff is seeking damages for an alleged impairment of Plaintiff's bonding capacity, which purportedly prevented Plaintiff from securing additional work (i.e. on other, unrelated projects).  *See* Complaint ¶ 17.  Plaintiff's Complaint also requests attorney's fees in paragraph no. 17 and in the Wherefore clause.

## DISCUSSION

### I. Standard of Review

The court may strike any matter as redundant, immaterial, impertinent or scandalous. Fed. R. Civ. P. 12(f).  This rule is strictly construed.  *In Re: Catanella and E.F. Hutton and Co., Inc. Securities Litigation*, 583 F.Supp. 1388 (E.D. Pa. 1984).  When a matter is shown to have no effect upon the case, that matter may be stricken as immaterial.  *Id.* (citing *Oaks v. City of Fairhope, Ala.*, 515 F.Supp. 1004, 1032 (S.D. Ala. 1981)).

### II. Under Pennsylvania Law, the Purpose of a Payment Bond is only to Guarantee Payment for the Direct Costs of Labor, Material and Equipment Supplied to a Project.

The purpose of a payment bond is to protect those who perform work on or provide materials to a project.  The payment bond is a guarantee that the subcontractors and materialmen will get paid for the actual work or materials they provide to that project.  *Lite-Air Products, Inc. v. Fidelity & Deposit Co. of Maryland,* 437 F.Supp. 801 (E.D. Pa. 1977).  The surety does not obligate itself to pay any other charges or costs beyond the labor or materials unless specifically stated in the bond language.  *Id.* (claim for lost profits and cancellation charges could not be included in the amount recoverable from the surety where the bond only stated that labor and materials were covered).

In determining the scope of coverage of a payment bond, courts look to the express language of the payment bond, not the underlying contractual agreement.  *Salvino Steel v. Fletcher & Sons*, 580 A.2d 853, 856 (Pa. Super. 1990); *Reliance Universal v. Ernest Renda, Inc.*, 454 A.2d 39, 45 (Pa. Super. 1982) (disallowing service fees guaranteed by the general contractor in the subcontract because the surety did not obligate itself to pay for all claims, just for labor and materials); *C. Arena & Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 1993 WL 452184 (E.D. Pa. 1993).

In *Salvino,* the Court held that the delay damages claimed were not costs for labor, work performed or materials supplied to the project.  Thus, in order to recover delay damages, the *Salvino* court ruled that the bond language would have to show the surety's intent to obligate itself to cover such a liability.  The bond did not address delay damages and, therefore, the court held that the surety could not be liable for the same.  *Salvino Steel v. Fletcher & Sons*, 580 A.2d at 856.

The Payment Bond in the instant case does not state that consequential damages or attorney's fees are recoverable.  The relevant Payment Bond text is:

> The principal and surety hereby, jointly and severally, agree with the Obligee herein that any individual, firm, partnership, association or corporation, which has performed labor or furnished material in the prosecution of the work is provided, any public utility which has rendered services in, or in connection with , the prosecution of such work, and which has not been paid in full therefore, may sue in assumpsit on this payment bond in his, their or its own name and may prosecute the same to final judgment for such sum or sums as may be justly due him, them, or it, and have execution thereon.
>
> Recovery by any individual, firm, partnership, association or corporation hereunder shall be subject to the provisions of the "Public Works Contractors' Bond Law of 1967", Act No. 385, Approved December 20, 1967, P.L. 869, which act shall

3

> incorporated herein and made a part hereof, as fully and
> completely as though its provisions were fully and at length herein
> recited.

As discussed above, a surety's obligation is not extended beyond the express language of the bond. *Salvino Steel v. Fletcher & Sons*, 580 A.2d at 856; *J.C. Snavely & Sons v. Webb M &E, Inc.*, 594 A.2d 333, 334 (Pa. Super. 1991); *Knecht, Inc. v. United Pacific Ins. Co.*, 860 F.2d 74, 80-81 (3rd Cir. 1998) (surety's obligation not expanded by use of the terms "claims justly due"). Clearly, the Bond in the instant case does not use any language that expressly or implicitly evinces an intent to obligate the sureties for consequential damages or attorney's fees.

### III.    This Court Should Strike Plaintiff's Claim for Consequential Damages.

Plaintiff's claimed damages for allegedly increased tax liability and purported impairment of its bonding capacity are consequential damages. *Pioneer Commercial Funding Corp. v. American Financial Mortgage Corporation,* 797 A.2d 269 (Pa.Super.2002) (citing Black's Law Dictionary, 7th Ed. definition that consequential damages are "[l]osses that do not flow directly and immediately from an injurious act, but that result indirectly from the act"). The Bond only obligates the surety to cover costs associated with labor and materials provided. Damages related to the performance of the contract, but not specifically for the labor or materials are not the obligation of the surety unless expressly stated. *C. Arena & Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 1993 WL 452184 (E.D. Pa. 1993).

In *C. Arena & Co.,* the contractor sought deferred payments, extra work performed, delay damages and legal fees. The payment bond issued by St. Paul guaranteed payment for labor, work and materials only. The court held:

> As with delay damages, Pennsylvania law dictates that the bond,
> and not the underlying contract, determines whether the surety is

4

> liable for any kind of attorney fees. It is clear the St. Paul bond does not expressly cover "consequential" attorney's fees incurred by Arena in defending against its subcontractors, just as the bond does not expressly cover delay damages. The cases interpreting Pennsylvania law point strongly to the conclusion that the attorney's fees Arena seeks may therefore not be recovered under the bond.

*C. Arena & Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 1993 WL 452184 at 6 (Internal citations omitted).

Likewise, the Payment Bond in the instant case only guarantees payment for labor, materials and equipment. The Bond does not contemplate payment of any other claims. Therefore, as a matter of law, Plaintiff's claims for consequential damages are not recoverable under the Payment Bond and should be stricken.

### IV. The Court Should Strike Plaintiff's Request For Attorney's Fees.

Plaintiff requests attorney's fees in paragraph 17 and in the Wherefore clause of the Complaint, based upon the underlying subcontract. However, under Pennsylvania law, the terms of the underlying contract do not affect the sureties' obligation. *C. Arena & Co., Inc. v. St. Paul Fire & Marine Ins. Co* 1993 WL 452184 (E.D.Pa.1993); *Reliance Universal v. Ernest Renda, Inc.*, 454 A.2d 39, 45 (Pa. Super. 1982). The *Reliance* court only awarded costs for the actual labor and materials provided on the construction project despite a clause in the subcontract that allowed Reliance to assess a 1½% interest charge per month on all outstanding accounts. *Id.* The Bond in the instant case, like the bond in Reliance, only obligates the surety to cover costs associated with labor and materials provided.

Unless expressly provided for in the bond, attorney's fees are <u>not</u> recoverable. *J.C. Snavely & Sons v. Webb M &E, Inc.*, 594 A.2d 333, 334 (Pa. Super. 1991) (citing *Can-Tex*

*Industries v. Safeco Ins. Co.*, 460 F.Supp. 1022 (W.D.Pa.1978).  *Can-Tex* was decided under Pennsylvania law and held

> a surety on a payment bond. . . was not liable for attorney's fees when the principal defaulted as the fees were not due for labor or materials.

Plaintiff's request for attorney's fees is based upon the underlying subcontract, not the terms of the Payment Bond. A plain review of the Payment Bond in question reveals that attorney's fees are not recoverable under its terms.  Therefore, Plaintiff's request for attorney's fees is improper, as a matter of law, and should be stricken.

<u>**CONCLUSION**</u>

Based on the foregoing, Plaintiff's claims for consequential damages and attorney's fees should be stricken.

Respectfully submitted,

KEEFER WOOD ALLEN & RAHAL, LLP

Dated:  July 31, 2002                    By_____

Charles W. Rubendall II
Attorney ID # 23172
210 Walnut Street
P. O. Box 11963
Harrisburg, PA  17108-1963
Telephone:     (717) 255-8010
Attorneys for Defendants

## CERTIFICATION OF SERVICE

I certify that a copy hereof has been furnished to Jeffrey D. Servin, Esq., 42 S. 15th Street, Suite 1313, Philadelphia, PA 19102, by facsimile and U.S. Mail on this 31st day of July 2002.

KEEFER WOOD ALLEN & RAHAL, LLP


By_____
        Charles W. Rubendall II