UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| KENG HENG, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> AMERICAN HOME ASSURANCE COMPANY ) <br> and FEDERAL INSURANCE COMPANY ) <br> a/k/a CHUBB GROUP OF INSURANCE ) <br> COMPANIES ) <br> Defendants. ) <br> _____/ | Civil Action <br> Docket No. 02CV3605 <br><br> (Judge Yohn) |

**DEFENDANTS' MOTION TO STRIKE**

Defendants, American Home Assurance Company ("American Home") and Federal Insurance Company ("Federal"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f), hereby file their Motion To Strike Plaintiff's claim for consequential damages and request for attorney's fees. In support of this Motion, American Home and Federal state:

1. American Home and Federal were the sureties for Balfour Beatty Construction, Inc. ("Balfour Beatty"), the general contractor on a construction project for the Pennsylvania Department of Transportation in Lancaster, Pennsylvania ("Project"), Balfour Beatty subcontracted a portion of the work to Plaintiff. *See* Complaint ¶¶ 5, 18.

2. On or about November 14, 1996, Balfour Beatty and Plaintiff entered into a written subcontract agreement for the Project. *See* Complaint ¶ 5.

3. Plaintiff initiated litigation on June 5, 2002, with a Civil Action Complaint seeking recovery of an allegedly unpaid contract balance as well as consequential damages.

4. Plaintiff seeks two categories of consequential damages. First, Plaintiff seeks in excess of $100,000 for interest and penalties allegedly assessed by taxing authorities for Plaintiff's failure to pay its taxes. *See* Complaint ¶ 17. Second, Plaintiff seeks in excess of $1 million for a purported impairment of its bonding capacity. *See* Complaint ¶ 17.

5. Plaintiff, in paragraph 17 and in the Wherefore clause of the Complaint, also requests attorney's fees based upon the underlying subcontract with Balfour Beatty.

6. The Court should strike Plaintiff's claims for consequential damages because the payment bond does not allow for recovery of consequential damages. A surety is not obligated to pay consequential damages where the payment bond does not provide for the recovery thereof. *Salvino Steel v. Fletcher & Sons*, 580 A.2d 853, 856 (Pa.Super.1990). Thus, as a matter of law, Plaintiff is barred from recovering consequential damages from the Defendants in this action.

7. Additionally, the Court should strike Plaintiff's claim for attorney's fees because the text of the payment bond is controlling and it does not allow for recovery of attorney's fees. A surety is not obligated to pay other than for what is stated in the text of the payment bond. *J.C. Snavely & Sons v. Webb M&E, Inc.*, 594 A.2d 333, 335 (Pa. Super. 1991); *C. Arena & Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 1993 WL 452184 (E.D. Pa.). Therefore, Plaintiff's request for attorney's fees is improper as a matter of law.

WHEREFORE, Defendants, American Home Assurance Company and Federal Insurance Company, respectfully request that this Court strike Plaintiff's claims for consequential damages and attorney's fees.

> Respectfully submitted,
>
> KEEFER WOOD ALLEN & RAHAL, LLP
>
> By_____
>     Charles W. Rubendall II
>     Attorney ID # 23172
>     210 Walnut Street
>     P. O. Box 11963
>     Harrisburg, PA  17108-1963
>     Telephone:   (717) 255-8010
>     Attorneys for Defendants

### CERTIFICATION OF SERVICE

I certify that a copy hereof has been furnished to Jeffrey D. Servin, Esq., 42 S. 15th Street, Suite 1313, Philadelphia, PA 19102, by facsimile and U.S. Mail on this 31st day of July 2002.

> KEEFER WOOD ALLEN & RAHAL, LLP
>
> By_____
>     Charles W. Rubendall II