IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENG HENG, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 02-1456 |
| | : | |
| BALFOUR BEATTY CONSTRUCTION, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | / | |
| KENG HENG, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 02-3605 |
| | : | |
| AMERICAN HOME ASSURANCE COMPANY and FEDERAL INSURANCE COMPANY a/k/a CHUBB GROUP OF INSURANCE COMPANIES, | : | |
| | : | |
| Defendants. | : | |
| _____ | / | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST TO STAY
PROCEEDINGS CONTAINED IN ITS ANSWER TO
DEFENDANTS' SECOND MOTION FOR SANCTIONS**

Defendants, Balfour Beatty Construction, Inc. ("Balfour Beatty"), American Home Assurance Company and Federal Insurance Company, by and through their undersigned attorneys, hereby respond to the request to stay the proceedings contained in Plaintiff, Keng Heng, Inc.'s, Answer to Defendants' Second Motion for Sanctions, and state:

      1.      In its Answer to Defendants' Second Motion for Sanctions, Plaintiff makes an affirmative request to stay the proceedings for at least six months.[1] The basis of its request is inextricably intertwined with its Answer to the Second Motion for Sanctions and employs the same

---

[1] Defendants do not believe that Plaintiff's request is properly raised by including it in its Answer to the Second Motion for Sanctions, however, they are submitting this Response in the event the Court intends to consider the request.

1

arguments. Plaintiff requests that this Court order the stay and deny Defendants' Second Motion for Sanctions based on three arguments. First, Plaintiff alleges the designated corporate representative, Kurt Siv, is too sick to participate in the proceedings, second, that Kurt Siv is the only one who can prosecute this case and third, that Defendants will not be prejudiced if the Court issues a third extension of the discovery deadline and Plaintiff provides responsive documentation by the new deadline.

2. Noteworthy, Plaintiff does not deny the allegations Defendants set forth to support the Second Motion for Sanctions. In fact, Plaintiff admits to a majority of the Defendants' allegations but argues that its actions are excusable. However, Plaintiff presents no legal or factual basis to support that argument. Nor does the Plaintiff present any factual or legal basis that would abrogate Defendants' entitlement to a ruling in their favor. Plaintiff's arguments are completely devoid of support by the record or by any legal precedent. Therefore, this Court should deny Plaintiff's request for a stay and should grant Defendants' Second Motion for Sanctions.

3. Plaintiff's first argument, that Mr. Siv is too sick to participate, is accompanied by no supporting documentation, raising serious concerns as to the validity of this unsupported claim. Plaintiff has been wielding this excuse for some time in order to avoid producing documents, submitting proper answers to interrogatories, sitting for depositions, and now to avoid sanctions and request a stay of the proceedings. While Defendants are sympathetic to legitimate illnesses,

without independent substantiation, Defendants doubts regarding this line of argument.

Case 2:02-cv-03605-JS    Document 10    Filed 05/15/2003    Page 3 of 11

4.    Although Plaintiff provides a narration of Mr. Siv's health issues, a list of his doctors and a list of medications he is currently taking with its Answer, Plaintiff provides no independent verification of this information, (no letter from any of the doctors, bills, medication prescriptions, etc.). Plaintiff claims it was unable to obtain any supporting documentation. This excuse is unconvincing considering the length of time Plaintiff has been claiming that illness is the cause for its failure to meet the deadlines established by the Court. Illustrative of Defendant's frustration with the use of this undocumented excuse is the cancellation of Mr. Siv's deposition the morning of February 28, 2003. As stated in Defendants' Second Motion to Compel, the suddenness of Mr. Siv's departure on February 28, 2003, necessitating the cancellation of the deposition, was suspect due to the fact that Mr. Siv had a scheduled doctor's appointment on the day he was supposed to be deposed.[2]

5.    Additionally, Plaintiff uses this argument and approaches its response to the Motion as if the initial discovery responses were due in February, 2003. Plaintiff completely fails to address the time period from August 19, 2002 (the date the responses were due) through February 27, 2003. Plaintiff's claim that Mr. Siv's sickness "initially manifested itself" on February 28, 2003, explains Plaintiff's behavior since that date, however, it appears to be at odds with Plaintiff's arguments during the February 27, 2003 hearing on Defendants' First Motion for Sanctions.

---

[2] Plaintiff's counsel submitted a list of doctors appointments during the February 27, 2003 hearing, the last appointment listed was for the next day, February 28, 2003.

Plaintiff argued on February 27 that Mr. Siv's illness was the cause of its failure to comply with the Court's order of production and now argues that Mr. Siv's illness began on February 28. Defendants find these arguments to be incompatible.

6. Plaintiff's second argument for the stay and its reasoning for avoiding the sanctions requested in Defendants' Second Motion for Sanctions is dependant on the idea that Mr. Siv is the only person able to prosecute the case. Once again, Plaintiff offers no support for its statement and it is not supported in the record. As the facts show, Plaintiff's second argument is deficient for several reasons.

7. First, Mr. Siv is merely the designated corporate representative of Keng Heng, Inc. for purposes of this case. As was stated in Mr. Siv's deposition on February 27, 2003, his sister, Samantha Siv Young is also a designated Corporate Representative and the President of the Corporation, Mr. Siv is the Vice-President.[3] Second, the Complaint was not brought in Mr. Siv's name, but that of the company. Third, Plaintiff has presented no factual or legal basis why Plaintiff has failed to provide responses to basic discovery requests since August, 2002,[4] nor why Plaintiff should not be held accountable for the actions or inactions of its representatives.

8. The facts show that Samantha Siv is a corporate officer, a designated corporate representative and, as Defendants noted in their letter of May 13, 2003, to Plaintiff's counsel, Mr. Siv, during his deposition, identified Samantha Siv as the person with the most information on certain issues. A copy of Defendants' letter is attached as Exhibit "B".

---

[3] Additionally, according to the Pennsylvania Department of State, Samantha Siv a/k/a Hourn Siv, is listed as a corporate officer for the Plaintiff, while Kurt Siv a/k/a Kok Siv is not. A copy of the Pennsylvania Department of State website records page is attached hereto as Exhibit "A".

[4] For instance, basic requests for identification of witnesses have never been properly responded to.

9. Furthermore, Samantha Siv a/k/a Hourn Siv, signed and verified the initial Complaint against Balfour Beatty Construction, Inc. Thus, Samantha Siv has acknowledged before this Court that she has the requisite knowledge of the issues in the Complaint as she verified the truthfulness of the allegations. As President of the Plaintiff, Ms. Siv would be able to prosecute this action on the company's behalf.

10. Plaintiff, in an attempt to prove its hardship, argues that Mr. Siv's alleged incapacity and Ms. Siv's distance from the corporate offices leave counsel no party to confer with. Besides the obvious disregard for the telephone, fax machine and e-mail capabilities which would allow such conferences, Plaintiff's statement is an admission that there is a corporate representative (Samantha Siv) able to prosecute its case. Its choice to not utilize its representatives properly is not a sufficient reason to grant its request for a stay or to avoid dismissal.

11. Thus, Mr. Siv's alleged infirmities and Plaintiff's claim that he is the only "operating principle of Keng Heng, Inc." should not be determinative of Plaintiff's ability to prosecute its case. Plaintiff had at least one other representative with the requisite knowledge to provide responsive answers to the initial discovery requests served in July, 2002. The fact that Samantha Siv is not in close proximity to the corporate offices in not an excuse for disobeying court orders. By signing and verifying the Complaint, which was voluntarily filed with this Court, Plaintiff consented to jurisdiction in Pennsylvania and moving is no excuse for missing deadlines and disobeying Court orders.

12. The third argument presented by Plaintiff is that Defendants will not be prejudiced by postponing this multi-million dollar law suit for at least a period of six months. While, Defendants disagree with this argument, as argued more thoroughly in Defendants' Brief on the requirement of Prejudice[5] and the Second Motion for Sanctions, prejudice need not be found in order to dismiss. The seminal case, *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), establishes six factors to be considered when determining the propriety of the dismissal. Cases interpreting *Poulis* have clearly stated that no one factor is determinative, but that the greater weight of the factors must favor dismissal. *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863 (3d Cir. 1994); *ATX Telecommunications Services v. U.S. WATS*, 1994 WL 698057 (E.D. Pa. 1994).

13. Except for arguing that any prejudice to Defendants can be cured, Plaintiff makes no argument that the six *Poulis* factors do not favor dismissal. Plaintiff's Answer is insufficient to overcome the great weight of the factors, even if the Court were to exclude prejudice. Plaintiff puts forth no explanation as to why it did not properly respond to the initial discovery requests for six (6) months. In fact, Plaintiff does not deny much of Defendants' Second Motion for Sanctions and only provides excuses for its actions post-February 28, 2003.

---

[5] Defendants' Brief was submitted to the Court March 14, 2003.

14. Plaintiff brought this multi-million dollar claim against Defendants and the decisions and actions taken by its representatives have placed it in this precarious position. The facts show that Plaintiff's arguments for a stay are unsubstantiated and simply do not stand up to scrutiny. Therefore, the request for a stay should be denied.

15. Plaintiff has presented no factual predicate or legal authority for denying Defendants' Second Motion for Sanctions and, therefore, the Motion should be granted.

WHEREFORE, Defendants, Balfour Beatty Construction, Inc., American Home Assurance Company and Federal Insurance Company, respectfully request that this Court deny Plaintiff's request for a stay of the proceedings and grant Defendants' Second Motion for Sanctions and dismiss this case with prejudice.

Respectfully submitted on this 15th day of May, 2003.

                                          MOYE, O'BRIEN, O'ROURKE, PICKERT &
                                          MARTIN, LLP

                                          By_____
                                             Sean M. Dillon
                                             Florida Bar No. 075388
                                             Teresa A. Eyerman
                                             Florida Bar No. 089362
                                             Moye, O'Brien, O'Rourke, Pickert
                                                & Martin, LLP
                                             800 South Orlando Avenue
                                             Maitland, Florida  32751
                                             (407) 622-5250
                                             Attorneys for Defendants

cc:    Charles W. Rubendall, III, Esq.

**CERTIFICATION OF SERVICE**

We hereby certify that a copy hereof has been furnished to Jeffrey D. Servin, Esq., Goldman & Associates, 1500 Market Street, 12th Floor East, Philadelphia, PA 19102, by overnight mail on this 15th day of May, 2003.

                        MOYE, O'BRIEN, O'ROURKE, PICKERT & MARTIN, LLP

                        By_____
                            Sean M. Dillon
                            Florida Bar No. 075388
                            Teresa A. Eyerman
                            Florida Bar No. 089362
                            Moye, O'Brien, O'Rourke, Pickert
                              & Martin, LLP
                            800 South Orlando Avenue
                            Maitland, Florida  32751
                            (407) 622-5250
                            Attorneys for Defendants